IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
LUBBOCK DIVISION

| | | |
|---|---|---|
| **FALCON HEALTHCARE, INC., BROWNWOOD HOSPICE LP, GREAT PLAINS HOSPICE LP, WACO HOSPICE LP, PERMIAN BASIN HOSPICE LP, GRANBURY HOSPICE LP, BAYOU HOMECARE LP, LEVELLAND HOSPICE LP, SAN ANGELO HOSPICE LP, FALCON PANHANDLE HOSPICE LP, PLAINVIEW HOSPICE LP, FALCON SOUTH PLAINS HOSPICE LP, FALCON HOLDINGS LTD, INTERIM HEALTHCARE OF WEST TEXAS, LLC, CENTRAL TEXAS HOMECARE, LLC, and NEW MEXICO HEALTHCARE SERVICES, LLC,** <br><br> *Plaintiffs*, <br><br> v. <br><br> **JAMES BULLARD and INTERIM HEALTHCARE, INC.,** <br><br> *Defendants*. | § § § § § § § § § § § § § § § § § § § § § § § § | Civil Action No. 5:22-cv-00010-H |

## DEFENDANT INTERIM HEALTHCARE, INC.'S MOTION TO TRANSFER VENUE

Defendant Interim Healthcare, Inc. ("Interim") files this Motion to Transfer the Venue of this action to the Southern District of Florida, and shows the Court as follows:

### I.   NATURE OF THE CASE

1. This is a dispute about a franchisor/franchisee relationship. On December 23, 2021, Interim filed a lawsuit against John Brandon Durbin, James Bullard, Jennifer Bullard, Falcon Healthcare, Inc. ("Falcon"), Interim Healthcare of West Texas, LLC ("IHWT"), Capital Homecare LP ("Capital"), Central Texas Homecare, LLC ("Central"), and New Mexico Healthcare Services,

LLC ("NMHS") in the Southern District of Florida, Case No. 0:21-CV-62561 (the "First-Filed Action"), seeking a declaration of the parties' rights and obligations under the franchise agreements, including whether the transfer of Durbin's shares and Durbin's operation of a competing business constitute material breaches of the franchise agreements. On January 19, 2022, Interim filed a motion for preliminary injunction in the First-Filed Action. *That same day, several of the defendants in the First-Filed Action were served, including Falcon, IHWT, Capital, and NMHS.*

2.     Instead of filing what are clearly compulsory counterclaims regarding the parties' rights and obligations under the franchise agreements—including claims relating to Interim's "step in" rights—in the First-Filed Action, Falcon, IHWT, Central, NMHS, and various entities that John Brandon Durbin and James Bullard are involved with: Brownwood Hospice LP, Great Plains Hospice LP, Waco Hospice LP, Permian Basin Hospice LP, Granbury Hospice LP, Bayou Homecare LP, Levelland Hospice LP, San Angelo Hospice LP, Falcon Panhandle Hospice LP, Plainview Hospice LP, Falcon South Plains Hospice LP, and Falcon Holdings LTD, filed a separate action against Interim, and also named Bullard as a defendant, on January 20, 2022, in the 237th Judicial District Court of Lubbock County, Texas, DC-2022-CV-0087 (the "Second-Filed Action"), seeking to avoid contractual, mandatory venue in Florida and asserting claims for trespass, misappropriation/theft of trade secrets, tortious interference with contract, conversion, aiding and abetting, civil conspiracy, a claim under the Texas Theft Liability Act, and requests for declaratory relief and a temporary restraining order and injunctive relief.

3.     Notably, Plaintiffs filed the Second-Filed Action the day *after* receiving notice of the First-Filed Action. Plaintiffs' claims are based on allegations that Interim exercised its "step in" rights "without proof or proper authority" after it informed Plaintiffs that they had breached

the franchise agreements. Plaintiffs attempt to couch their claims in the Second-Filed Action in inflammatory terms and clothed as other causes of action, but in reality, Plaintiffs' claims are all inextricably intertwined with and closely related to the declaratory judgment claims in the First-Filed Action.

4.   Along with this Motion, Interim has removed the Second-Filed Action to this Court on the grounds that Bullard, a Texas citizen, has been improperly joined. Plaintiffs filed the Second-Filed Action to unnecessarily cloud the issues and to attempt to avoid Interim's choice of forum in the First-Filed Action (as required by contractual, mandatory venue provisions) by joining Bullard to prevent removal of the Second-Filed Action. The Second-Filed Action should, therefore, be transferred to the Southern District of Florida and consolidated with the First-Filed Action so that all the interrelated issues raised in Interim's removal may be addressed in a single court by one judge.

## II.   NATURE OF THE MOTION

5.   This action should be transferred pursuant to 28 U.S.C. § 1404(a). Because of the forum selection clause contained in the franchise agreements and the previously filed pending action in another district, there is only one appropriate venue for this action: the Southern District of Florida.

## III.   GROUNDS FOR TRANSFER

6.   The most significant fact strongly favoring transfer is the prior pending First-Filed Action in the Southern District of Florida. The First-Filed Action involves substantially the same parties (Interim, Bullard, Falcon, IHWT, Central, NMHS, and entities associated with Durbin and Bullard) and the same issue (the parties' rights under the franchise agreements). It would be an obvious, and inexcusable, duplication of effort and drain on judicial resources to permit two

separate actions to proceed. Moreover, if the First-Filed Action and Second-Filed Action were permitted to proceed simultaneously, there is a risk of inconsistent results and/or piecemeal rulings by two separate courts, which is not permitted. Based on these facts alone, the Second-Filed Action should be transferred.

7. Further, Plaintiffs' Second-Filed Action raises jurisdictional and proper party/alignment questions, as does Interim's removal of the Second-Filed Action. Interim fully expect that Plaintiffs will move to remand the Second-Filed Action. The resolution of any remand motion would require a determination of: (i) whether jurisdiction exists; (ii) if jurisdiction exists, whether the court, in its discretion, should exercise it or abstain from doing so; and (iii) which parties in the First-Filed Action and the Second-Filed Action are necessary and/or proper and/or are aligned correctly as a plaintiff or a defendant. All these interrelated issues would be most efficiently decided by one judge.[1]

8. Additionally, venue is proper in the Southern District of Florida under the mandatory forum and venue selection clause contained in eleven of the thirteen franchise agreements. Accordingly, transfer of this Second-Filed Action to the Southern District of Florida would conserve judicial and the parties' resources by allowing consolidation and resolution of all issues in one case.

---

[1] "While it is true that courts generally consider subject matter jurisdiction as a preliminary matter, as other federal district courts have recognized, federal courts need not decide a motion to remand a removed case before ruling on a motion to transfer to another district." *Doubletree Partners, L.P. v. Land Am. Am. Title Co.*, 2008 WL 5119599, at *2 (N.D. Tex. 2008) (internal citations omitted). Deciding a motion to transfer venue before a motion to remand "is particularly appropriate . . . where a related suit is already pending in the transferee district, the remand motion will not suffer any prejudice as a result of the transfer, and transfer at this juncture permits the court who would ultimately try the case to rule on the remand motion." *Id.* Thus, under these circumstances, Interim requests the Court to decide the venue motion before any remand motion.

IV.   ARGUMENT & AUTHORITIES

A.   Legal Standard.

9. This Court has the power to transfer this action to another division pursuant to 28 U.S.C. § 1404(a), which provides that "in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." In applying the provisions of § 1404(a), the Fifth Circuit has held that the first determination to be made is whether the judicial district to which transfer is sought would have been a district in which the claim could have been filed. *See In re Volkswagen A.G.*, 371 F.3d 201, 203 (5th Cir. 2004). In addition, the transferor court must be a proper venue. *Id.* Here, as discussed above, venue is proper in the Southern District of Florida under the mandatory forum and venue selection clause contained in eleven of the thirteen franchise agreements. This Second-Filed Action could have been—and should have been—filed in the Southern District of Florida.

10. Further, "[u]nder the first-to-file rule, when related cases are pending before two federal courts, the court in which the case was last filed may refuse to hear it if the issues raised by the cases substantially overlap." *Cadle Co. v. Whataburger of Alice, Inc.*, 174 F.3d 599, 603 (5th Cir. 1999) (internal citations omitted). The rule is based on principles of comity and sound judicial administration. *Id.*

B.   Transfer to the District of the First-Filed Action is Appropriate.

11. In this case, there is one main factor that strongly favors transfer of this Second-Filed Action to the Southern District of Florida: the pendency of the First-Filed Action in that district. *See, e.g., DataTreasury Corp. v. First Data Corp.*, 243 F. Supp. 2d 591, 594 (N.D. Tex. 2003) ("Transfer is particularly appropriate where related case involving the same issues are pending in another court."); *Poseidon Oil Pipeline Co. v. Noble Drilling (U.S.), Inc.*, 2007 WL

1259219 at * 1–2 (E.D. La. 2007) (transferring related case based on pendency of first-filed action, despite plaintiff's contention that its choice of forum merited significant weight and other private and public factors did not weigh in favor of transfer). As the U.S. Supreme Court recognized over 60 years ago: "To permit a situation in which two cases involving precisely the same issues are simultaneously pending in two different District Courts leads to the wastefulness of time, energy and money that § 1404(a) was designed to prevent." *Continental Grain Co. v. Barge FBL-585*, 364 U.S. 19, 26 (1960); *see West Gulf Maritime Ass'n v. ILA Deep Sea Local 24*, 751 F.2d 721, 729 (5th Cir. 1985) ("The concern manifestly is to avoid the waste of duplication, to avoid rulings which may trench upon the authority of sister courts, and to avoid piecemeal resolution of issues that call for a uniform result.").

12. This "'first to file' rule is grounded in principles of comity and sound judicial administration." *Save Power Ltd. v. Syntek Finance Corp.*, 121 F.3d 947, 950 (5th Cir. 1997). Moreover, the rule does not require an absolute identity between the two actions, only a substantial overlap. *Id.* (holding district judge abused his discretion in refusing to transfer case to another judge before whom a related case was pending, even though parties and issues were not identical).

13. Applying these standards here, there is no question that the Second-Filed Action should be transferred. Interim initiated the First-Filed Action approximately a month before this Second-Filed Action was filed. The two cases involve the same issues and substantially the same parties.

14. Further, there are no special circumstances present that should affect the Court's decision to follow the first-to-file rule. Specifically, Interim did not engage in any improper conduct or forum shopping in selecting the Southern District of Florida for the First-Filed Action. Indeed, Interim filed there because that is where the forum selection clause mandated, as

confirmed by the Franchise Agreement attached within Exhibit 8 of Plaintiff's Original Petition, on file herein. Interim could not have filed anywhere other than Florida under the terms of the franchise agreements and Plaintiffs should not be permitted to avoid their contractual obligation thereunder. Accordingly, the Court should transfer the Second-Filed Action to the Southern District of Florida.

15. The Fifth Circuit has indicated that Plaintiffs' chosen forum is a convenience factor that should be considered. *See In re Volkswagen*, 506 F.3d at 380. Interim does not dispute that a plaintiff's choice of forum is entitled to some weight in a typical case. *Id.* According to the Fifth Circuit: "When the transferee forum is no more convenient than the chosen forum, the plaintiff's choice should not be disturbed. When the transferee forum is clearly more convenient, a transfer should be ordered." *Id.* at 384.

16. Although Plaintiffs chose to file this action in Texas state court, their choice is neither conclusive nor determinative. *See In re Horseshoe Entm't*, 337 F.3d 429, 434 (5th Cir. 2003). Moreover, unlike the typical case, Plaintiffs' choice of forum here is more than counterbalanced by the application of the first-to-file rule. Indeed, Plaintiffs' choice of forum is entitled to little or no weight in the analysis, as Plaintiffs are clearly forum-shopping and trying to defeat the federal court's proper exercise of subject matter jurisdiction over the dispute by improperly joining Bullard as a defendant.

17. The parties would suffer no delay or prejudice from the requested transfer because this request has been made at the very outset of the case. If this case is not transferred, however, all parties will be prejudiced by litigating interrelated issues in two forums, potentially with varying results. Moreover, such piecemeal litigation could delay resolution of this dispute, costing the parties and the courts additional time and expense.

## V.  CONCLUSION & REQUEST FOR RELIEF

For all the reasons stated above, the Southern District of Florida is the more convenient venue. Defendant Interim Healthcare, Inc. respectfully requests that the Court transfer this case.

Dated:  January 22, 2022               Respectfully submitted,


By: */s/ Timothy P. Ribelin*
    Kevin Koronka
    Texas Bar No. 24047422
    kevin.koronka@huschblackwell.com
    Timothy P. Ribelin
    Texas Bar No. 24091055
    tim.ribelin@huschblackwell.com

**HUSCH BLACKWELL LLP**
111 Congress Avenue, Suite 1400
Austin, Texas 78701
(512) 472-5456
(512) 479-1101 (fax)

    Afton Sands
    Texas Bar No. 24060555
    a.sands@browndean.com

**BROWN, DEAN, PROCTOR & HOWELL, L.L.P.**
5805 64th Street, Suite 6
Lubbock, Texas 79424
(432) 413-5223

**ATTORNEYS FOR DEFENDANT INTERIM HEALTHCARE, INC.**

## CERTIFICATE OF CONFERENCE

I certify that, given the timing of Plaintiffs' *ex parte* temporary restraining order and Interim's need to remove this lawsuit and transfer venue to the appropriate forum, counsel for Interim was not able to contact Plaintiffs' counsel regarding the relief requested herein, and a conference was not held. Thus, Interim assumes Plaintiffs are opposed to the relief requested.

*/s/ Timothy P. Ribelin*
Timothy P. Ribelin

## CERTIFICATE OF SERVICE

I certify that this Notice of Removal was served on all counsel of record for the Plaintiffs via the Court's CM/ECF electronic filing system and/or by email transmission in accordance with the Federal Rules of Civil Procedure on January 22, 2022:

*/s/ Timothy P. Ribelin*
Timothy P. Ribelin